UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.:  1:19-cv-24931-BLOOM / LOUIS**

PAULA RODRIGUEZ,

    Plaintiff,

vs.

CARROT EXPRESS MIDTOWN, LLC,
CARROT EXPRESS, INC., and
MILOP, LLC,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Carrot Express Midtown, LLC ("Carrot Express Midtown"), and Milop, LLC ("Milop") (collectively, "Defendants"), hereby move to dismiss Plaintiff Paula Rodriguez's Complaint [ECF No. 1-2 at 8-13] pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Alternatively, Defendants request the entry of an Order requiring Plaintiff to provide a more definite statement regarding her claims pursuant to Federal Rule of Civil Procedure 12(e).

### I.    FACTUAL BACKGROUND[1]

This case involves alleged violations of the overtime and retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  *See* Compl. ¶¶15-29. In the Complaint, Plaintiff alleges that from September 2018 to on or about February 18, 2019 she worked in excess of forty (40) hours a week and was not compensated "the required minimum wage and/or overtime rate

---

[1] The factual background is based on the allegations contained in Plaintiff's Complaint.

of one and a half times [her] regular rate for all hours worked in excess of forty (40) within a single work week." *Id*. ¶9. Plaintiff further claims she was terminated in retaliation for "her complaints about not being paid correctly." *See* Compl. ¶9. Yet, the Complaint does not provide details regarding who employed her, where she worked, the nature of her work, or anything of the like.

Plaintiff named three corporate entities as defendants: Carrot Express Midtown, Milop, and Carrot Express, Inc.[2] ("Carrot Express"). *See* Compl. at 1. While Plaintiff alleges that Carrot Express Midtown has a principle place of business in Miami, the Complaint contains ***zero*** allegations regarding what kind of business this entity is engaged in or conducts. Compl. ¶4. Further, other than being named in the caption and in the headings preceding each claim, the Complaint contains ***zero*** allegations regarding Carrot Express and Milop. The Complaint does not even provide the minimal jurisdictional allegations regarding these defendants, such as place of incorporation; principal place(s) of business; or any information regarding the nature or type of their business. There is nothing in the Complaint that would explain why these defendants are involved in this lawsuit.

Further, while Plaintiff generally alleges she worked for "Defendants as a non-exempt employee from on or about September 2018 to on or about February 18, 2019" (Compl. ¶7), the Complaint does not specify which defendant employed her, the nature or type of work she allegedly performed, or the location where she worked. Plaintiff's Complaint merely alleges that she worked in excess of forty (40) hours a week, was not properly compensated, and was terminated for allegedly complaining about her pay. *Id*. ¶¶7, 10, 13. These conclusory allegations are insufficient to state a cause of action against Defendants under the FLSA.

---

[2] Defendant Carrot Express, Inc. was not served with process.

II. <u>ARGUMENT</u>

    A. **Legal Standards.**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court holds that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

    B. **Plaintiff's Claims Must Be Dismissed For Failure to State a Claim for Relief For Unpaid Overtime and Retaliation Under the FLSA.**

The Complaint does not provide sufficient facts to enable the Court to draw the reasonable inference that Defendants are liable for the alleged FLSA violations at issue. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Here, the Complaint contains no jurisdictional allegations regarding

Defendants Milop and Carrot Express, and does not specifically allege she was employed by Carrot Express Midtown as she lumped all three defendants in each of her claims.

To prevail on their off-the-clock overtime claims under the FLSA, Plaintiffs must prove that (1) they performed compensable overtime work for which they were not compensated (and the amount of such work); and (2) their employer had actual or constructive knowledge of such off-the-clock work. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007).  Here, the Complaint does not specify the alleged employment relationship between Plaintiff and Defendants, and does not provide information as to how Defendants would have had any control, oversight, or knowledge regarding the alleged uncompensated overtime. The Complaint's conclusory allegations are simply insufficient to state a cause of action against Defendants pursuant to the governing pleading standards and must be dismissed.

### C. In the Alternative, Plaintiff Should be Required to Provide a More Definite Statement as to Her Claims.

Rule 12(e) of the Federal Rules of civil Procedure states that "[i]f a [complaint] is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement. . . ." Fed. R. Civ. P. 12(e).  A motion for more definite statement will be granted where the pleading is "so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D. Fla. 1999). "The Federal Rules impose this heavy burden because the purpose of pleading is 'to give notice rather than to provide those details of the issues and evidence which would eventuate at trial.'" *Id*.

Here, Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading. The Complaint lumps all defendants in each count, does not explain what actions, if any, each took as it pertains to Plaintiff's claims for unpaid overtime and

retaliation under the FLSA. Defendants are entitled to know the factual basis for the claims being asserted against them, as well as the "allegations of fact [that] are intended to support [Plaintiff's] claim(s) for relief." *See Anderson v. District Board of Trustees of Century, Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996). Accordingly, the Complaint must be dismissed, or, in the alternative, Plaintiff should be required to provide a more definite statement of her claims against Defendants, containing factual detail to support an assertion that each was her "employer" under the FLSA. Plaintiff should also be required to provide factual detail with respect to the nature of the alleged overtime work she performed and the location of where such work occurred.

### III. CONCLUSION

For the above and foregoing reasons, Defendants Carrot Express Midtown and Milop respectfully request the entry of an Order dismissing Plaintiff's Complaint. Alternatively, Defendants request the entry of an Order requiring Plaintiff to provide a more definite statement of her claims.

**Dated**: December 4, 2019

Respectfully Submitted,

s/*Miguel A. Morel*
Jonathan A. Beckerman (FBN: 568252)
Email: Jonathan.Beckerman@lewisbrisbois.com
Miguel A. Morel (FBN: 89163)
Email: Miguel.Morel@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

*Counsel for Defendants,*
*Carrot Express Midtown LLC and Milop LLC*