PAULA RODRIGUEZ,

      Plaintiff,

v.

CARROT EXPRESS MIDTOWN, LLC,
CARROT EXPRESS, INC., and
MILOP, LLC,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants Carrot Express Midtown, LLC ("Carrot Express Midtown") and Milop, LLC's ("Milop") (collectively, "Defendants")[1] Motion to Dismiss, ECF No. [8] ("Motion"). Plaintiff Paula Rodriguez ("Plaintiff") filed a Response in Opposition to the Motion, ECF No. [13] ("Response"), to which Defendants replied, ECF No. [15] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons explained below, Defendants' Motion is granted.

### I.    BACKGROUND

Plaintiff initiated this action on June 27, 2019, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims against Carrot Express Midtown, Milop, and Carrot Express collectively for violations of the overtime and retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). ECF No. [1-2] at 8-13

---

[1] The third named Defendant in the instant action, Carrot Express, Inc. ("Carrot Express"), had not been served with process as of the date of the filing of the instant Motion. ECF No. [8] at 2 n.2.

("Complaint"). On November 27, 2019, Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(a). *See generally* ECF No. [1].

The Complaint's sole allegation with regard to any of the named Defendants in this action, set forth in the "Juruisdiction and Venue" section, is that "Defendant, CARROT EXPRESS MIDTOWN, LLC, a Florida Limited Liability Company, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce." ECF No. [1-2] ¶ 4. No specific allegations as to Milop or Carrot Express are presented anywhere in the Complaint. *See generally id.* Rather, the remainder of the allegations in the Complaint reference "Defendants" collectively, without any further distinction. *See generally id.*

The Complaint alleges that Plaintiff "performed work for Defendants . . . from on or about September 2018 to on or about February 18, 2019." *Id.* ¶ 7. Plaintiff worked in excess of forty hours per week and "performed an average of [five] hours or more of overtime each week for Defendants." *Id.* ¶¶ 8, 10. Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate for all hours worked in excess of forty hours in a single week, which Plaintiff continuously complained about. *Id.* ¶¶ 9, 11. "General Manager, Sebastian (LNU) stated 'We know it's illegal but that's just how we do it here. If you don't like it, we can just cut your hours to forty." *Id.* ¶ 12. Plaintiff was ultimately terminated on or about February 18, 2019, in retaliation for her complaints about Defendants' lack of correct overtime payment. *Id.* ¶ 13.

Plaintiff's Complaint asserts two counts, each of which are asserted against Carrot Express Midtown, Milop, and Carrot Express: Count I (FLSA Wage & Hour Violation) and Count II (FLSA Retaliation Violation). *See generally id.* Further, despite incorporating the general factual

allegations into each Count asserted, the Complaint does not set forth any factual allegations with regard to Milop or Carrot Express. *See generally id.*

In the instant Motion, Defendants seek dismissal of Plaintiff's Complaint, arguing that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) that requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). However, this tenet does not apply to legal conclusions, and courts

"are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

**B.  Motion for a More Definite Statement Under Rule 12(e)**

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Since courts have liberally construed the pleading standard under Rule 8(a), "a short and plain statement" will be enough unless, upon motion, it is shown that the pleading "is so ambiguous that a party cannot reasonably" respond. *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996). Most courts, however, "disfavor the use of Rule 12(e)," and such motions "should not be used as a means of discovery." *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005).

## III. DISCUSSION

In their Motion, Defendants argue that Plaintiff's claims should be dismissed because the Complaint fails to state a claim upon which relief can be granted, noting that the Complaint contains no jurisdictional allegations as to Milop or Carrot Express. Defendants also move, as an alternative to dismissal, for Plaintiff to provide a more definite statement to clarify the allegations asserted against each named Defendant. Upon review, the Court finds that the Complaint constitutes an improper shotgun pleading. In particular, the Complaint violates Rule 8 because, despite a lack of any specific allegations with regard to Milop or Carrot Express, the Complaint indiscriminately lumps together all allegations against "Defendants" — i.e., Carrot Express Midtown, Milop, and Carrot Express collectively. Moreover, because the Court concludes that the Complaint is a shotgun pleading, it need not address Defendants' remaining arguments.

As explained above, Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006); *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Although not the quintessential form, the Complaint here is nevertheless a shotgun

pleading in that it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Indeed, despite Plaintiff's arguments to the contrary in her Response,[2] the Complaint in the instant action does not contain even minimal jurisdictional allegations with regard to Milop or Carrot Express. Nor does Plaintiff's Complaint include any allegations explaining the connections between Carrot Express Midtown and Milop or Carrot Express as they relate to Plaintiff's FLSA claims. *See Davis v. Staramba Corp.*, No. 8:15-CV-1936-T-36MAP, 2015 WL 12838807, at *2 (M.D. Fla. Nov. 6, 2015) (concluding that FLSA complaint was an improper shotgun pleading because it "contain[ed] a number of allegations that refer[red] to 'Defendant' or 'Defendants' without identifying the individual defendant or specifying the combination of defendants to which the allegation pertain[ed]"); *Diaz v. U.S. Century Bank*, No. 12-21224-CIV, 2012 WL 2514906, at *2 (S.D. Fla. June 28, 2012); *cf. Baltzley v. Berkley Grp., Inc.*, No. 10-61194-CIV, 2010 WL 3505104, at *2-3 (S.D. Fla. Sept. 3, 2010) (concluding that generic, virtually identical allegations about multiple defendants in FLSA complaint sufficiently provided defendants with notice as to the allegations against them).[3] Therefore, Plaintiff's Complaint, as it currently stands, fails to

---

[2] In her Response, Plaintiff claims that the Court of Appeals for the Eleventh Circuit, in *Secretary of Labor v. Labbe*, has explained that FLSA cases are reviewed under a different, more straightforward pleading standard than the heightened pleading requirements enunciated in *Twombly* and *Iqbal*. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). However, "[a]s the [United States] Supreme Court has stressed, *Twombly* "expounded the pleading standard for '*all* civil actions.'" *Diaz v. U.S. Century Bank*, No. 12-21224-CIV, 2012 WL 3597510, at *1 n.1 (S.D. Fla. Aug. 20, 2012) (quoting *Iqbal*, 556 U.S. at 684 (emphasis added)). "Courts in the Eleventh Circuit have affirmed this holding in FLSA cases, specifically distinguishing past contrary case law." *Id.* (citing *Gonzalez v. Old Lisbon Rest. & Bar LLC*, 820 F. Supp. 2d 1365, 1370 n.3 (S.D. Fla. 2011) (noting that *Iqbal* controls despite the Eleventh Circuit's decision in *Labbe*)).

[3] *See also Diaz v. Mekka Miami Grp. Corp.*, No. 16-CV-20589, 2016 WL 11201731, at *4 (S.D. Fla. June 21, 2016) (concluding that the FLSA complaint sufficiently alleged that the individual defendant was a corporate officer who "had operational control over the business and had the authority to 'alter the terms and condition of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay'"); *Duarte v. Maldonado Bros.*, No. 13-80552-CIV, 2014 WL 6751720, at *3 (S.D. Fla. Dec. 1,

identify the claims against each named Defendant with sufficient clarity to enable each to frame a responsive pleading. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Complaint is dismissed as an improper shotgun pleading. Plaintiff is permitted to amend her Complaint to cure these pleading deficiencies.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [8]**, is **GRANTED.**

2. The Complaint, **ECF No. [1-2]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file an amended complaint **by no later than January 10, 2020.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

2014) (FLSA complaint's inclusion of allegations that defendants were joint employers was sufficiently pled); *Mitial v. Dr. Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012) (denying motion to dismiss FLSA complaint that sufficiently alleged that plaintiff worked for defendants as joint employers); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1374, 1381 (S.D. Fla. 2012) (concluding that FLSA complaint sufficiently alleged claims that defendants were joint employers based on their ownership in, authority over, and control of the corporate defendant and its operations); *Goodrich v. Covelli Family Ltd. P'ship*, No. 8:11-CV-1715-T-33TBM, 2012 WL 921493, at *2 (M.D. Fla. Mar. 19, 2012) (FLSA complaint sufficiently alleged that one defendant was the parent company of the co-defendants and was a joint employer of the plaintiffs); *Dawkins v. Picolata Produce Farms, Inc.*, No. 3:05-CV-559-J-32MMH, 2005 WL 3054054, at *3 (M.D. Fla. Nov. 15, 2005) (FLSA complaint sufficiently alleged claims against defendants as joint employers).